## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JEFFREY R. ROGERS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **CIVIL NO.  04-938-GPM** |
| ) | |
| **WARDEN GARNETT, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Plaintiff, a former inmate in the Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.  Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

This case now is before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action

is legally frivolous and, thus, subject to summary dismissal.

Plaintiff states that when he entered Lawrence Correctional Center ("Lawrence") in November 2004, he informed health unit nurses of his need for an eye drop, Xaltan, to control his glaucoma and of his need for post-surgical care for his feet.  A nurse told him that he would be put on the list to see the eye doctor.  Plaintiff states that he also filed a number of forms requesting these treatments and grievances regarding the lack thereof.  Plaintiff states that he saw the eye doctor on December 7, 2004.  Plaintiff states that the doctor determined that the pressure in both of his eyes had increased because he had not had his eye drops for over 40 days.  Plaintiff states that in between the time he requested the eye treatment and the time he saw the doctor he suffered from headaches.  In addition he experienced "pronounced graying" in his right eye.

Exhibits submitted with the complaint indicate that Plaintiff's "previous order for eye drops was good until 12-12-04.  Eye drops were ordered for two months on 12-7-04.  A two month follow up is scheduled."  Regarding Plaintiff's foot problems, the health unit noted Plaintiff's flat feet and hammer toes, but noted that no follow-up was indicated for those conditions.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994).  This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition."  *Estelle*, 429 U.S. at 106; *see also Jones v. Simek*, 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements.  The first one is an objective standard:  "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'"  *Farmer*, 511 U.S. at ----, 114 S. Ct. at 1977.  As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's

necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S. Ct. 995, 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters*, 97 F.3d 987, 991-992 (7th Cir. 1996). However, the Supreme Court stressed that

this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.... Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, … and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer*, 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the

denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless

disregard for, a substantial risk of harm. The Circuit also recognizes that a defendant's inadvertent

error, negligence, or even ordinary malpractice is insufficient to rise to the level of an Eighth

Amendment constitutional violation.

> Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as defendant is deliberately indifferent to the prisoner's health--that is, only if he 'knows of and disregards an excessive risk to inmate health or safety.'

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir. 1995); *see also Steele*, 82 F.3d at 179 (concluding

that there was insufficient evidence of doctor's knowledge of serious medical risk or of his

deliberate indifference to that risk; emphasizing that even malpractice is not enough proof under

*Farmer*); *Miller v. Neathery*, 52 F.3d 634, 638-39 (7th Cir. 1995) (applying *Farmer* mandate in jury instruction).  However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur.  *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996).

Regardless of whether Plaintiff's medical needs were sufficiently serious to satisfy the objective element, Plaintiff has not shown that Defendants showed deliberate indifference to either his glaucoma or his foot conditions.  Exhibits submitted by Plaintiff indicate that medical staff at Lawrence was aware of his glaucoma and provided eye drops for the disease and follow up treatment with the eye doctor.  Medical staff also evaluated his foot conditions but found that follow-up treatment was unnecessary.  Clearly, Plaintiff would have preferred treatment sooner to relieve some of his headache pain, but according to the exhibits filed by Plaintiff, he was not due for another treatment until December 12, 2004, and he received the treatment on December 7, 2004.  Based on these facts, Plaintiff has not stated a constitutional claim of deliberate indifference to his serious medical needs.

In summary, Plaintiff's complaint does not survive review under § 1915A.  Accordingly, this action is **DISMISSED with prejudice**.  Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

DATED:  09/15/05

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge